1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9     STEPHEN DUANE CHIARA,              )
                                         )
10                    Plaintiff(s),      )        No. C 11-5722 CRB (PR)
                                         )
11            vs.                        )        ORDER OF DISMISSAL WITH
                                         )        LEAVE TO AMEND
12    HUMBOLDT COUNTY JAIL,              )
                                         )
13                    Defendant(s).      )
      _____)
14

15            Plaintiff, a prisoner at the Humboldt County Jail in Eureka, California, has

16    filed a pro se complaint under 42 U.S.C. § 1983 alleging that on three separate

17    occasions mail room staff improperly refused his incoming religious mail on

18    grounds that it was gang related.  Plaintiff seeks damages and injunctive relief.

19                                    **DISCUSSION**

20    A.      Standard of Review

21            Federal courts must engage in a preliminary screening of cases in which

22    prisoners seek redress from a governmental entity or officer or employee of a

23    governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24    claims or dismiss the complaint, or any portion of the complaint, if the complaint

25    "is frivolous, malicious, or fails to state a claim upon which relief may be

26    granted," or "seeks monetary relief from a defendant who is immune from such

27    relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Prisoners enjoy a First Amendment right to send and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).   But in order to state a cognizable § 1983 claim for violation of the First Amendment based on mail interference, plaintiff must identify the staff members that improperly refused/withheld his mail and set forth specific facts showing how each staff member actually and proximately caused the constitutional deprivation of which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

/

/

/

/

/

/

2

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Feb. 23, 2012

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Chiara, S.11-5722.dwlta.wpd

3