IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN DUANE CHIARA,                    )
                                         )
          Plaintiff(s),                  )        No. C 11-5722 CRB (PR)
                                         )
     v.                                  )        ORDER
                                         )
T. HAUGER, et al.,                       )
                                         )
          Defendant(s).                  )
_____  )

Plaintiff, a prisoner at the Humboldt County Jail (HCJ) in Eureka, California, filed a pro se Second Amended Complaint (SAC) under 42 U.S.C. § 1983 alleging that on three separate occasions mail room staff improperly refused his incoming mail on grounds that it was gang related.

Per order filed on November 7, 2012, the court found that, liberally construed, plaintiff's allegations state a cognizable § 1983 claim for violation of the First Amendment against HCJ mail room officers T. Hauger and S. Beck, and ordered the United States Marshal to serve these two defendants.

Defendants have filed a motion for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that (1) plaintiff did not exhaust his administrative remedies and (2) defendants did not violate plaintiff's constitutional rights.  They have accompanied the motion by the requisite Rand notice of what is required of plaintiff in order to oppose a motion for summary judgment.

Defendants' motion for summary judgment properly raises their claim that they are entitled to judgment as a matter of law because there is no evidence that defendants had any involvement in the alleged violations.  But it is well established that a nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  Consequently, such a motion requires its own notice as to what plaintiff must do in order to oppose the motion.  A Rand notice about summary judgment procedures will not suffice.  See Stratton v. Buck, 697 F.3d 1004, 1008-09 (9th Cir. 2012).

In order to expedite these proceedings, the court will treat defendants' nonexhaustion defense as a motion to dismiss for failure to exhaust nonjudicial remedies and hereby gives plaintiff the requisite notice of what he must do to oppose the motion:

Plaintiff is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came

1  from and why they are authentic, or other sworn papers such as answers to

2  interrogatories or depositions; (3) statements in your complaint insofar as they

3  were made under penalty of perjury and they show that you have personal

4  knowledge of the matters state therein.  In considering a motion to dismiss for

5  failure to exhaust, the court can decide disputed issues of fact with regard to this

6  portion of the case.  <u>Stratton</u>, 697 F.3d at 1008.

7        Plaintiff shall file an opposition, or statement of non-opposition, to

8  defendants' motion for summary judgment and motion to dismiss for failure to

9  exhaust administrative remedies by no later than January 31, 2013.  Defendants

10  shall file a reply to any opposition within 15 days thereafter.

11  SO ORDERED.

12  DATED:  Jan. 3, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Chiara, S.11-5722.notice.wpd

3