IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. CHIARA,<br><br>   Plaintiff,<br><br>vs.<br><br>T. HAUGER, et al.,<br><br>   Defendant(s). | No. C 11-5722 CRB (PR)<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT<br><br>(Docket #14) |

  Plaintiff, a prisoner at the Humboldt County Jail (HCJ) in Eureka, California, filed a pro se Second Amended Complaint (SAC) for damages under 42 U.S.C. § 1983 alleging that on three occasions mail room staff improperly returned his incoming mail to its sender on grounds that it was gang related.

  Per order filed on November 7, 2012, the court found that plaintiff's allegations, liberally construed, appear to state a cognizable § 1983 claim for violation of the First Amendment against HCJ mail room officers T. Hauger and S. Beck, and ordered the United States Marshal to serve these two defendants.

  Defendants now move for summary judgment on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law. They also move for dismissal on the ground that plaintiff failed to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). Plaintiff has filed an opposition and defendants have filed a reply.

## BACKGROUND

The following facts are undisputed unless otherwise noted:

Plaintiff is a prisoner at HCJ. The Sheriff's Work Alternative Program (SWAP) reviews incoming inmate mail for contraband, gang-related materials and the like for HCJ. Hauger Decl. (dkt. #17) ¶ 1. Defendant Beck was a legal office assistant and defendant Hauger was a corporal and assistant supervisor of the team in charge of processing inmate mail for HCJ. Beck Decl. (dkt. #16) ¶ 1; Hauger Decl. ¶ 1.

In August 2010, two incoming pieces of mail containing Buddhist literature were sent to plaintiff at HCJ. They were returned to their senders.

In September 2011, one incoming piece of mail containing Odinist literature was sent to plaintiff at HCJ. This piece of mail was processed as "gang-related" and was returned to its sender.

Plaintiff did not receive notice from SWAP or HCJ regarding the return of his mail to its senders. He instead learned of this fact from the senders, who re-sent the letters and materials to plaintiff with a note explaining that the letters and materials had been returned to them. Plaintiff received the letters and materials the second time without incident.

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to specific parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). A triable dispute of fact exists only if there is sufficient evidence favoring the nonmoving party to allow a jury to return a verdict for that party. Anderson, 477 U.S. at 249. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

**CLAIM & ANALYSIS**

Prisoners enjoy a First Amendment right to receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). But "[a]bsent evidence of a broader plan or course of conduct to censor the plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983." Watkins v. Curry, No. C 10-2539 SI (PR), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011); see Smith v. Mashner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incidents of mail interference without

3

evidence of improper motive do not give rise to a constitutional violation); Morgan v. Montanye, 516 F.2d 1367- 1370-71 (2d Cir. 1975) (one incident of mail room opening letter from prisoner's attorney out of prisoner's presence insufficient to show constitutional violation); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (one incident of mail mishandling insufficient to show constitutional violation).

On the undisputed evidence, a First Amendment violation is not shown. Plaintiff has not set forth any evidence showing an improper motive for the mishandling of his mail. The undisputed evidence instead shows that in a time span of over one year, plaintiff's incoming mail was returned to its senders on three separate occasions and yet delivered to plaintiff when the senders re-sent the same mail. At best, the evidence shows that in a mail room sorting and delivering thousands of pieces of mail on any given day, a HCJ/SWAP employee made three isolated mistakes of judgment when he interpreted plaintiff's mail as gang-related or otherwise impermissible. Plaintiff is not entitled to damages under § 1983 for mere mistakes of judgment that have since been rectified. See Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975) (prisoner not entitled to damages under § 1983 where prison officials erroneously withheld newsletter as inflammatory and subsequently approved newsletter for distribution).

Defendants are entitled to summary judgment on plaintiff's First Amendment claim as a matter of law. See Celotex Corp., 477 U.S. at 323.

/
/
/
/
/

4

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.[1]

The clerk shall enter judgment in favor of defendants and close the file.

SO ORDERED.

DATED: June 24, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Chiara, S.11-5722.msj.rev1.wpd

---

[1] The court need not reach defendants' motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a).

5